# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| BRENDA YOUNG<br>TERRY YOUNG | CIVIL ACTION NO. 08-602 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TOWN OF GREENWOOD, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion For Summary Judgement (Record Document 17) filed by Defendants, the Town of Greenwood, Shayne Gibson, and Charles Ainsco. Defendants argue that summary judgment should be granted on grounds of judicial estoppel.[1]  See Record Document 17-1. Plaintiff-Debtors Brenda and Terry Young ("Plaintiff-Debtors" or "the Youngs") have opposed the motion by filing a memorandum in opposition. See Record Documents 21, 22. For the reasons that follow, the Motion for Summary Judgement is **GRANTED**, and Plaintiffs-Debtors claims are **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND.

Plaintiff-Debtors' suit is based on events surrounding a traffic stop on April 22, 2007. See Record Document 1. The Youngs allege that Defendants violated their civil rights and violated the Fourth and Fourteenth Amendments of the United States Constitution by, among other things, allegedly arresting Plaintiff-Debtors without probable cause and with

---

[1] Defendants filed their Motion for Summary Judgement on three alternative grounds: (1) judicial estoppel; (2) the merits of the claims alleged; and (3) qualified immunity. Defendants also argue that the state law claim should be analyzed under the same standard of the federal law claim and that no Monell claim exists. This Court analyzes the motion under the first ground, which is dispositive of the case.

excessive force.  Id.  The parties present two different reports of the actual incident.  See Record Documents 17 and 21.  As explained in detail below, however, Defendants' judicial estoppel argument disposes of Plaintiff-Debtors' claims.  Accordingly, the parties' diverging accounts of the incident need not be reconciled here.

The pertinent facts of the situation are as follows:  The Youngs filed for Chapter 13 bankruptcy on August 25, 2005.  See Record Document 17-3 Exhibit 2.  The incident which gave rise to this case occurred on April 22, 2007.  See Record Document 1.   This lawsuit was filed by the Youngs on April 22, 2008.  Id.  The Youngs amended their Chapter 13 bankruptcy plan on October 29, 2008, but failed to disclose the existence of this suit.  See Record Document 17-3 Exhibit 2.  On December 15, 2008, the Bankruptcy Court confirmed the Youngs' amended Chapter 13 Plan.  Id.

**II.    LAW AND ANALYSIS.**

   **A.    Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002).  If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go

beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

      **B.    Causes of Action that Must be Disclosed to the Bankruptcy Court in Chapter 13 Proceedings.**

Under the Bankruptcy Code, substantially all of a debtor's existing assets, "including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." Kane v. Nat'l Union Fire Ins. Co. et al., 535 F.3d 380, 385 (5th Cir. 2008) (per curiam) (citing 11 U.S.C. § 541(a)(1)); State Farm Life Ins. Co. v. Switft (In re Swift), 129 F.3d 792, 795 (5th Cir. 1997); 5 COLLIER ON BANKRUPTCY § 541.08). In Chapter 13 cases, the estate also includes legal claims and causes of action that are acquired "after the commencement of the [bankruptcy] case but before the case is closed, dismissed, or converted." 11 U.S.C. § 1306(a)(1) & § 541(a)(1). The Bankruptcy Code subjects debtors to a "continuing duty to disclose all pending and potential claims." Kane, 535 F.3d at 384-85. Legal causes of action, including "possible" causes of action, are assets that must be disclosed in bankruptcy. The Fifth Circuit has held that a "debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may be a possible cause of action, then it is a 'known' cause of action such that it must be disclosed." In re Coastal Plains, 179 F.3d 197, 208 (5th Cir. 1999). The appellate court in Coastal Plains went on to note that "[a]ny claim with

potential must be disclosed, even if it is contingent, dependent, or conditional." Id.

### C. Elements of Judicial Estoppel.

Judicial estoppel, a common law doctrine, "prevents a party from assuming inconsistent positions in litigation." Kane, 535 F.3d at 385 (citing In re Superior Crewboats, Inc., 374 F.3d at 334). The doctrine is intended "to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." Id. An equitable doctrine, "judicial estoppel is [usually] invoked where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." Id. (quoting In re Superior Crewboats, Inc., 374 F.3d at 334-35 (internal quotation marks omitted)).

The Fifth Circuit has identified three elements that must be satisfied in order for judicial estoppel to apply: "(1) the party is judicially estopped only if its position is clearly inconsistent with [its] previous one; (2) [a] court . . . accepted the previous position; and (3) the non-disclosure [was . . .] not . . . inadvertent." Id. at 384-85 (citing In re Superior Crewboats, Inc., 374 F.3d at 335). "Inadvertence" in this context means that the debtor must either "lack[ ] knowledge of the undisclosed claim *or* ha[ve] no motive for its concealment." Id. (emphasis in original). The Fifth Circuit has held that "[j]udicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005). Indeed, a motive to conceal legal claims subsists in all bankruptcy cases in which a concealed legal claim would, if disclosed, form part of the bankruptcy estate and the debtor is aware of the claim's monetary value:

> The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all of one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in [debtor's] present suit, [debtor] has a better plan. Conceal your claims, get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively. [Debtor], having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis.

In re Coastal Plains, 179 F.3d at 213.[2]

### D. Application.

With these standards in mind, this Court considers the relevant factors as applied to the Debtors-Plaintiffs' situation.

#### 1. The Youngs Adopted Two Clearly Inconsistent Positions.

The Youngs filed an amendment to their Chapter 13 bankruptcy schedule in October 2008, seeking to amend their Chapter 13 plan after they fell behind in payments when Mr. Young's worker's compensation was reduced. However, when they filed to amend their plan, they failed to disclose the existence of this lawsuit. The Youngs' failure to disclose their alleged civil rights violations and related claims in the course of seeking to amend their Chapter 13 Plan constituted a representation to the bankruptcy court that they were not involved in any proceedings and that they had no potential causes of action. See Costal Plains, 179 F.3d at 210. This is a position clearly inconsistent with those

---

[2] Plaintiffs argue that judicial estoppel is waived if not included as an affirmative defense, implying that judicial estoppel is analogous to "collateral estoppel." Unlike collateral estoppel, "[j]udicial estoppel is an equitable doctrine . . . . There is . . . no requirement that equitable defenses be raised early in the proceedings." Kamont v. West, 83 Fed. Appx. 1, 2-3 (5th Cir. 2003).

adopted by the Youngs in this suit, which they filed on April 22, 2008, before they amended their bankruptcy petition on October 29, 2008. Because the assets continue to belong to the Youngs in a Chapter 13 suit, the Youngs' obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing duty. See Kane, 535 F.3d at 384-85.

### 2. The Bankruptcy Court Accepted the Youngs' Position

This Court finds that the Bankruptcy Court accepted the Youngs' previous position that they had no pending legal claims when it confirmed their amended Chapter 13 plan, relying on the amended schedule, filed by Plaintiff-Debtors, which failed to disclose the existence of this lawsuit. See Jethroe, 413 F.3d at 600.

### 3. The Youngs' Failure to Disclose was not Inadvertent

This Court also finds that the Youngs' failure to disclose this litigation was not inadvertent. Their complaint seeks all manner of damages: general, compensatory, and punitive. See Record Document 1-2. Their failure to disclose was not inadvertent, as they knew about the undisclosed claim and its potential value at the time they sought to amend their Chapter 13 plan, and they "would certainly have reaped a windfall had [they] been able to recover on the undisclosed claim without having disclosed it to the creditors." Kane, 535 F.3d at 384-85; In re Superior Crewboats, Inc., 374 F.3d at 336.

## III. CONCLUSION.

Based on the foregoing, the Youngs are judicially estopped from pursuing the claims they have alleged against Defendants in the instant lawsuit. Accordingly, the Motion for Summary Judgment (Record Document 17) filed by the defendants is **GRANTED** and the

Youngs claims are **DISMISSED WITH PREJUDICE**.  A judgment consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 26th day of June, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE